# ORIGINAL

# In the United States Court of Federal Claims

No. 14-172C
(Filed: February 3, 2016)

**FILED**

FEB - 3 2016

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * *

TRAVIS JAY FARRIS,

          Plaintiff,

v.

THE UNITED STATES,

          Defendant,

* * * * * * * * * * * * * * * * * * * * *

## ORDER

Pending is plaintiff's motion for relief from judgment pursuant to the Rules of the Court of Federal Claims ("RCFC"), Rule 60(b)(3). In our decision of November 5, 2014, we granted defendant's motion to dismiss for failure to state a claim pursuant to RCFC Rule 12(b)(6). This conclusion was based on the fact that Mr. Farris is incarcerated, a circumstance which cuts off his entitlement to receive back pay and allowances as a member of the armed services under 37 U.S.C. § 204(a) (2012), 37 U.S.C. § 503, and *Matthews v. United States*, 750 F.3d 1320 (Fed. Cir. 2014). We specifically held that as a matter of law, Mr. Farris is deemed absent without leave ("AWOL") because he is incarcerated.

In his motion for relief from judgment, Mr. Farris alleges that the government perpetrated a fraud on the court by asserting that during his incarceration, plaintiff's status with the military has been AWOL rather than temporary duty ("TDY"). Plaintiff asks the court to reconsider its decision dismissing his complaint, which sought back pay, in light of the fact that Mr. Farris has obtained new proof that during his incarceration, the military classified him as TDY rather than AWOL. Along with his motion for relief,

Mr. Farris provided the court with a document[1] from the Army which states the following:

> As long [as] you are confined with the civil authorities you will be carried on the Army books as TDY not AWOL because the Army knows where you are.  You will not be assign[ed] to a unit as long [as] you are in prison.  When release[d] go to the nearest army base [to] be discharge[d].

Pl.'s Mot. for Relief, Attach. B.  Plaintiff obtained this document on July 1, 2015, and claims that this new proof regarding his TDY status conflicts with our holding that he is AWOL while incarcerated and therefore not entitled to back pay.

In response, defendant disputes the factual accuracy of Mr. Farris' assertion that he is not AWOL because he has been in TDY status.  It asserts that plaintiff is actually listed on the Army's rosters not as TDY or AWOL but as "dropped from strength" ("DFS").  According to defendant, this DFS status is similar to being listed as AWOL but reflects the fact that the Army knows where Mr. Farris is located.  Even if the court were to accept the characterization of plaintiff's status as TDY, the government argues that nothing "changes the law that a soldier in civilian confinement following conviction is not entitled to receive pay and benefits for military service." Def.'s Resp. 6.  In support of this proposition, defendant points to *Matthews v. United States*.  750 F.3d at 1323 (holding that "Mr. Matthews, who is in federal prison after being tried and convicted, is absent from duty without leave" despite a flaw in the military record keeping).

In our November 5, 2014 order dismissing plaintiff's complaint for failure to state a claim, we considered Mr. Farris' characterization of his status as TDY based on an August 2006 letter from the Army that instructed Mr. Farris to "'proceed indefinite Temporary Duty (TDY), for the purpose of confinement by civil authorities.'" Order at 2 (quoting Pl.'s Compl. 2).  Thus, in substance we previously considered the possibility that the Army considered Mr. Farris to be on temporary duty but found that fact to be inconsequential to

---

[1] Plaintiff sought and obtained this document after his case was dismissed.  We are willing to treat it as newly discovered evidence within the meaning of RCFC Rule 60.

our holding.  While Mr. Farris may have presented a new document in his motion for relief from judgment, it does not lead to a different result.  Even if he was treated as TDY for some purposes, he is not entitled to pay.

Section 204(a) of Title 37 of the United States Code provides that "a member of a uniformed service who is on active duty" is "entitled to the basic pay of the grade to which assigned or distributed."  When a service member is absent from active duty, his or her entitlement to pay is determined in accordance with 37 U.S.C. §§ 502-503.  According to these provisions, there are excusable absences, such as when a service member is sick or wounded, and others types of absences that are inexcusable when taken without leave. Under 37 U.S.C. § 503(a), "A member of the Army . . . who is absent without leave or over leave, forfeits all pay and allowances for the period of that absence, unless it is excused as unavoidable."  The regulations that implement Title 37 of the United States Code, the Department of Defense Financial Management Regulations ("DOD FMR"), provide that when a service member is "in confinement by civil authorities" and "is tried and convicted," then his absence from duty while in confinement may "not be excused as unavoidable." DOD FMR, vol. 7A, chapter 1, Table 1-13.  If, because he was tried, convicted, and is now serving a prison sentence for a serious crime, Mr. Farris' absence from duty cannot be classified as unavoidable, then under 37 U.S.C. § 503(a), he is "absent without leave" and is no longer entitled to pay under 37 U.S.C. § 204(a).  Regardless of how he is listed on the Army rosters, Mr. Farris is AWOL as a matter of law.

This was the position taken by the Court of Appeals for the Federal Circuit in *Matthews v. United States*, when it construed 37 U.S.C. § 503 to mean that "[a] service member is precluded from receiving military pay and allowances while in civilian confinement."  750 F.3d at 1323.  The Federal Circuit held that "even if there was a flaw in his discharge papers," the convicted and incarcerated service member, "is not eligible to receive pay while absent without leave unless his absence is excused as unavoidable, and civilian confinement after trial and conviction is not deemed unavoidable."  *Id*. We discern no reason why Mr. Farris should fare better than Mr. Matthews when both claimed that they were entitled to pay while incarcerated because the military had failed to characterize them on personnel forms as AWOL.  As we held in our order of November 5, 2014, Mr. Farris' absence from active duty is not excused as unavoidable, and he is therefore not entitled to receive pay while incarcerated.

We also considered in the November 5, 2014 order that for a period of time, during his incarceration, the Army had erroneously maintained Mr. Farris on the active duty list. This fact likewise had no impact on the ultimate outcome. Our conclusion that Mr. Farris is AWOL and therefore not entitled to pay under 37 U.S.C. § 204(a) was not a conclusion of fact but one of law.

The document that Mr. Farris attached to his motion for relief does not present new evidence that would have altered the ultimate outcome of his case. Nor has plaintiff established by clear and convincing evidence that there was a fraud or misrepresentation perpetrated on the court or that the "fraud or misconduct prevented the movant from receiving a fair hearing or trial." *Madison Servs., Inc. v. United States*, 94 Fed. Cl. 501, 507 (2010). Plaintiff's motion is therefore denied.

ERIC G. BRUGGINK
Judge